# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

| | | |
|---|---|---|
| BARRY L. JONES, | ) | |
| | ) | |
| Claimant, | ) | |
| | ) | |
| v. | ) | Case No. CV413-073 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| *Acting Commissioner of* | ) | |
| *Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Barry L. Jones appeals the Social Security Commissioner's denial of his 2009 application for disability insurance benefits. Doc. 1. He alleged disability due to, *inter alia*, back and stomach surgery, but an ALJ found that he was not disabled until January 28, 2011.[1] Doc. 8-2

---

[1] It has been his burden to demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period *of not less than 12 months*...." 42 U.S.C. § 423(d)(1)(A) (emphasis added). His physical or mental impairment must be so severe that he is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A).

at 24.[2]  Jones wants this Court to remand his case for 2009 to 2011 benefits.  Doc. 13 at 16-17.

## I.  BACKGROUND

Jones was 48 as of his alleged disability onset date (March 31, 2009) and 50 when the ALJ found him to be disabled.  Doc. 8-2 at 31; doc. 8-6 at 2.  He had worked as a "[m]aterial handler, construction worker, and warehouse worker." Doc. 8-2 at 29.  He claimed

> that he is disabled due to low back pain radiating down [his] left leg.  He stated [that] his symptoms first started in 2008.  He attempted to return back to work but he reinjured his back in 2009.  He had surgery in May 2009 with some relief for a short time, but he [later] had [a] recurrence of his symptoms.  He currently complains of chronic pain that significantly impacts his daily function.  He stated he spends [sic] of the day mostly lying on the couch.

Doc. 8-2 at 28 (ALJ's opinion).

After considering the evidence before him, the ALJ found that Jones' "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, [his] statements concerning the intensity, persistence and limiting effects of

---

[2]  All documents referenced here have been "E-filed."  The Court is thus using the electronic pagination placed on the top of each page by the Court's CM/ECF software.

these symptoms are not credible prior to January 28, 2011, to the extent they are inconsistent with the residual functional capacity [(RFC)[3]] assessment [that the ALJ made]." *Id.*

So, while Jones could (as of January 28, 2011) perform the full range of sedentary work as defined by 20 C.F.R. § 404.1567(a), his past work (construction worker, etc.) demands exceeded his RFC, doc. 8-2 at 29, so beginning on January 28, 2011, and based on the RFC for the full range of sedentary work, etc., "a finding of 'disabled' is directed by Medical-Vocational Rule 201.14." *Id.* at 31. A Vocational Expert testified that while Jones had no transferable job skills to sedentary light work, he could perform light unskilled work (ticket taker, etc.) prior to January 28, 2011. *Id.* at 30. Hence, Jones was not disabled before that date. *Id.* at 31.

---

[3] As the Eleventh Circuit explains:

> Residual functional capacity, or RFC, is a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. §§ 404.1545(a), 416.945(a). As to physical abilities, the RFC assesses the claimant's ability to do things like sit, stand, walk, lift, carry, push or pull. Id. §§ 404.1545(b), 416.945(b). The ALJ uses the RFC finding to determine whether the claimant can do her past relevant work or any other work. Id. §§ 404.1520(a)(4), 404.1545(a)(5), 416.920(a)(4), 416.945(a)(5).

*Flowers v. Comm'r of Soc. Sec.*, 441 F. App'x 735, 737 n. 1. (11th Cir. 2011).

3

To reach that result, the ALJ analyzed claimant's June 2008 to January 2011 medical evidence, including records from his treating orthopedic surgeon, Raphael R. Roybal, M.D. Doc. 8-2 at 28-29. Those records described Jones' 2009 lumbar fusion surgery and aftermath, including a notation that post-operatively he "was doing well with significant reduction in his chronic low back pain both mechanical and without activity." *Id.* at 28; *see also id* at 28-29.

Jones appealed the ALJ's adverse ruling to the Appeals Council (AC), where he submitted additional evidence -- a one paragraph, August 26, 2011 letter from Dr. Roybal. Doc. 8-2 at 2-16; doc. 9-8 at 87. In its entirety, it says:

> Barry Jones was under my care from June 12, 2008 until January 15, 2010, for treatment of the lumbar spine. On May 4, 2009, after conservative treatment failed, I performed anterior lumbar interbody fusion at 4-5. I never assigned an impairment rating because payment for Mr. Jones' medical care was not handled through Workers Compensation. Had I been asked to assign a rating, I would have assigned a whole body impairment rating of not less than 20% based on his pathology, course of treatment and response to treatment. I do not believe Mr. Jones would have been able to tolerate employment requiring prolonged walking or standing at least two-thirds of an 8-hour work day during the period that he was under my care. Further, I do not believe he would have been able to tolerate the employment that did not allow him to change positions amongst sitting, standing, and moving around at will.

Doc. 9-8 at 87.

After considering that additional evidence, the AC denied relief. Doc. 8-2 at 1. Jones then filed this appeal. Doc. 1.

## II. STANDARD OF REVIEW

Affirmance of the ALJ's decision is mandatory if her conclusions are supported by substantial evidence and based upon an application of correct legal standards. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is something more than a mere scintilla, but less than a preponderance." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation marks and citations omitted). It "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quotation marks and citations omitted). If substantial evidence supports the decision, the Court will affirm "[e]ven if the evidence preponderates against the Commissioner's findings." *Id.* at 1158-1159; *Lewis v. Astrue*, 2009 WL 464264 at *2 (M.D. Fla. Feb. 24, 2009).

This Court cannot substitute its judgment for that of the Commissioner. *Barnes v. Sullivan*, 932 F.2d 1356, 1357-1358 (11th Cir. 1991). Nor may it "reweigh the evidence or make new factual findings." *Brown v. Commissioner of Soc. Sec.*, 2012 WL 638789 at * 1 (11th Cir. Feb. 29, 2012) (citing *Dyer*, 395 F.3d at 1210).

The burden of proving disability lies with the claimant. 20 CFR § 404.1512; *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). To determine whether he has met his burden, the Court looks to the five-step evaluation process set forth in the Social Security Regulations. 20 CFR § 416.920; *Dixon v. Astrue*, 312 F. App'x 227, 227-28 (11th Cir. 2009); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). At step one, the claimant must prove that he has not engaged in substantial gainful activity. *Jones*, 190 F.3d at 1228. At step two, he must demonstrate a severe impairment or combination of impairments. *Id.*

Then, at step three, if the claimant's impairment meets or equals a listed impairment, he is automatically found disabled. *Id.* If not, he must advance to step four, which requires him to prove an inability to perform past relevant work. *Id.* If he has never worked, or cannot perform past relevant work, stage five shifts the burden to the

6

Commissioner to show that "there is other work available in significant numbers in the national economy that the claimant is able to perform." *Id.*

Where a claimant submits new, noncumulative, and material evidence to the AC after the ALJ's decision, "the AC shall consider such evidence, but only where it relates to the period on or before the date of the ALJ's hearing decision." *Smith v. Soc. Sec. Admin.*, 272 F. App'x 789, 800 (11th Cir. 2008). "Material evidence is evidence that is "relevant and probative so that there is a reasonable possibility that it would change the administrative result." *Id.* (quotes and cite omitted). When that showing is made, the AC considers the entire record, including the new, material, and chronologically relevant evidence. "It also will review the ALJ's decision if the ALJ's 'action, findings, or conclusion is contrary to the weight of the evidence currently of record.' 20 C.F.R. § 404.970(b)." *Id.* at 800-01. The AC "may deny review if, even in light of the new evidence, it finds no error in the opinion of the ALJ." *Robinson v. Astrue*, 365 F. App'x 993, 996 (11th Cir. 2010).

A reviewing court considers both the additional evidence and all the other evidence in the record to determine whether substantial

evidence supports the ALJ's decision. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1266 (11th Cir. 2007); 20 C.F.R. § 416.1470(b). Denial of review is proper if the evidence submitted to the AC could not reasonably be expected to alter the ALJ's decision. *Pritchett v. Comm'r of Soc. Sec.*, 315 F. App'x 806, 814-15 (11th Cir. 2009).

## III. ANALYSIS

Jones submitted Dr. Roybal's letter to the AC approximately two months after the ALJ's decision. Doc. 13 at 10-15. He insists that, in response to it, the AC should have remanded his case to the ALJ and directed him to conduct a further review of his claim in light of that letter. *Id.* at 15-16. The letter, he says, shows that he could not "perform a significant range of light work" prior to January 28, 2011, and the AC failed to evaluate it properly.[4] *Id.* at 13-14 (citing *Flowers*, 441 F. App'x at 745 (AC erred by not remanding disability claimant's case to ALJ, and did not adequately consider claimant's new evidence, particularly post-hearing opinion of claimant's treating rheumatologist, which contained an RFC assessment that was

---

[4] In that regard, there is no disagreement here that for the 2009-2011 period there are no treating physician assessments of Jones' RFC. Doc. 13 at 13; doc. 14.

supported by significant clinical findings from three examinations she performed over a ten-month period). Jones also argues that (a) the ALJ failed to order a Consultative Exam (CE); and (b) the Court must give little weight to a single assessment prepared by a *non*-examining physician (Stephen Burge, MD), who opines that Jones can walk, sit and stand for 6 to 8 hours a day -- especially since the ALJ does not even reference Burge's opinion in his ruling. *Id.* at 13-14.

These arguments fail. Dr. Roybal's bottom line was a whole-body impairment rating of at least 20%, and that Jones could not have tolerated employment requiring prolonged walking or standing at least two-thirds of an eight-hour work day. Also, Jones could not have tolerated employment that did not allow him to change positions amongst sitting, standing, and moving around at will. Doc. 9-8 at 87. Yet, Dr. Roybal's letter cites *no* new examination or test results, so it apparently was based on records that the ALJ had before him when he made his decision.

Hence, the AC was entitled to conclude that Dr. Roybal simply recharacterized his impairment assessment by assuming he had been asked to provide that assessment in the first place -- on the same base

of medical records already before, and considered by, the ALJ. *See* doc. 9 at 2-61; doc. 9-1 at 2-6; doc. 9-2 at 2-137; doc. 9-3 at 2-66; doc. 94 at 2-68; doc. 9-5 a 2-72; doc. 96 at 2-26; doc. 9-7 at 2-65; doc. 9-8 at 2-84; *see also* doc. 9-8 at 86-87 (post ALJ decision correspondence to AC, with Dr. Roybal's August 26, 2011 letter attached). On those grounds alone, no remand from the AC to the ALJ was warranted, and thus its decision must be upheld. *See Mansfield v. Astrue*, 395 F. App'x 528, 530-31 (11th Cir. 2010) (treating source opinion submitted for the first time to the Appeals Council was based primarily on records that the ALJ had previously considered and did not warrant remand), cited in 81 C.J.S. SOCIAL SECURITY AND PUBLIC WELFARE § 149 (Mar. 2014).

Other grounds support the AC's ruling. Dr. Roybal's opinion letter was conclusory because it was not accompanied by any reference to the objective findings on which it was based. It did not link, for example, specific post-operative physical limitations to Jones' RFC. Put another way, it did not state that, in light of a specific physical deficit, Jones could not function at the RFC that the ALJ had

formulated.[5] Doc. 9-8 at 87. *See Kalishek v. Comm'r of Soc. Sec.*, 470 F. App'x 868, 871 (11th Cir. 2012) (treating source opinion submitted to the AC did not require remand because it was conclusory and unaccompanied by objective medical evidence); *cf. Brown v. Comm'r of Soc. Sec.*, 442 F. App'x 507, 512 (11th Cir. 2011) (opinion statements that do not reference treatment record or adequately explain the opinion are conclusory and can be discounted (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004)); *Copher v. Comm'r of Soc. Sec.*, 429 F. App'x 928, 929 (11th Cir. 2011) ("After reviewing [treating doctor's] 2004 and 2005 opinions about [claimant's] orthopedic conditions, the ALJ noted that [the doctor] never attributed [claimant's] inability to work to his orthopedic injuries.").

In contrast to Dr. Roybal's letter here, the *Flowers* court found that the physician's opinion submitted to the AC there was supported by significant clinical findings based on the treating rheumatologist's

---

[5]   The letter's bottom line: "I do not believe Mr. Jones would have been able to tolerate employment requiring prolonged walking or standing at least two-thirds of an 8-hour work day during the period that he was under my care. Further, I do not believe he would have been able to tolerate the employment that did not allow him to change positions amongst sitting, standing, and moving around at will." Doc. 9-8 at 87. Roybal never says *why* (e.g., what specific spinal or other physical limitation prevented Jones from sitting, standing, bending, etc.).

examinations, as well as reports from home health care providers indicating claimant's total dependence on others in caring for her personal needs. *Flowers*, 441 F. App'x at 746-47. What was before the ALJ here -- Dr. Roybal's notes in the months following Jones' May 2009 surgery -- show that Jones' pain resolved significantly to the point where he "was not taking any pain medications whatsoever," was "not taking an anti-inflammatories," had been hindered by the lack of formal physical therapy, "but has been working on his own." Doc. 8-8 at 16. On his physical exam, he had "no deficit in motion with flexion and extension. No guarding of paraspinal musculature, and he maintains 5/5 muscle motor strength at the hip, knee, ankle, and toes in all planes. Sensation remains to be intact to light touch L1-Si." *Id.* Dr. Roybal also felt that Jones could "begin to transition to light duty." *Id.*; *see also id.* at 17, 19-20, 30. By January 15, 2010, Jones stated to Roybal's assistant that "things are relatively unchanged since his last visit," though Jones did claim some "significant back pain that he states is about a 6/10 on a pain scale." Doc. 9-3 at 9.[6]

---

[6] Pain-scale claims are never accepted at face value. Claimants must show: "(1)

Those notes also show that Dr. Roybal's post-ruling opinion letter in no small part conflicts with his pre-ruling notes indicating that Jones: (a) was only limited against lifting more than 30 pounds and that he could otherwise work light duty; and (b) was exercising on his own and walking significantly during the very time to which Dr. Roybal's post-ruling letter purports to relate. These inconsistencies authorized the AC to discount Dr. Roybal's opinion letter. *See Phillips*, 357 F.3d at 1241 (treating source opinion can be properly rejected where it is not bolstered by the evidence, the evidence supports a contrary finding, or where the opinion is conclusory or inconsistent with the doctor's own medical records). This Court may well have viewed that evidence differently, but it is not authorized to re-weigh it and may only rule whether it constitutes substantial enough evidence to support the ALJ's decision. Given the existence of above-

---

evidence of an underlying medical condition and either (2) objective medical evidence confirming the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can reasonably be expected to cause the alleged pain." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). So, the mere fact that a doctor wrote down a patient's pain-level claim does not establish as fact that the patient endured that level of pain. Only "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Id.* at 1561.

noted substantial evidence, it cannot be said that Dr. Roybal's post-opinion letter could reasonably be expected to alter the ALJ's decision. That makes the non-treating doctor's opinion that Jones argues about irrelevant. It also means that AC-remand was not warranted here. *See Pritchett*, 315 F. App'x 814-15.

## IV. CONCLUSION

The AC "did not err in denying review because, even considering this one medical record relevant to the time period for which [Jones] applied for disability benefits, the ALJ's decision is supported by substantial evidence and is not contrary to the weight of evidence." *Jones v. Colvin*, 2013 WL 5574425 at * 7 (S.D. Ga. Oct. 8, 2013). Accordingly, the Commissioner's decision must be affirmed and plaintiff's case should be **DISMISSED WITH PREJUDICE**.

**SO REPORTED AND RECOMMENDED**, this 29TH day of April, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA